IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL CORKER,

    Plaintiff,

vs.                                       Case No. 4:19cv385-MW-MAF

ANGELA DEMPSEY, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended complaint, ECF No. 13, which has been reviewed as required by 28 U.S.C. § 1915A because Plaintiff was granted in forma pauperis status, ECF No. 10. Plaintiff was a prisoner at the time this case was initiated, but it appears that he has now been released from detention. *See* ECF No. 13 at 2.

Plaintiff's complaint is brought against an assistant public defender, Defendant Vallejo, and regional conflict counsel, Defendant Rawlings. ECF No. 13 at 3. It appears that Plaintiff is also seeking to assert a claim against state circuit judge Angela Dempsey as well. *Id.* at 1, 4. Plaintiff alleges that Judge Dempsey violated Plaintiff's rights by falsely imprisoning

Page 2 of 6

him at "Florida State Mental Hospital" based on what Plaintiff contends is a "fraudulent mental health evaluation report" which was written by Dr. Ronda Harrison-Spoerl, who Plaintiff states never evaluated him. Plaintiff further contends that Judge Dempsey never required the doctor's presence in court for Plaintiff to "refute the fraudulent report." *Id.* at 4-5. Plaintiff alleges Judge Dempsey violates his right to due process of law.

Furthermore, Plaintiff alleges that Defendant Vallejo violated his due process rights by submitting the "fraudulent mental health evaluation report to the Court." Plaintiff maintains that he was not evaluated and counsel did not require the doctor's "presence in court . . . to validate that Dr. Spoerl was the author of the report to afford due process." *Id.* at 4. Plaintiff further contends that Defendant Vallejo told him that he did not "have any constitutional rights" because he did not accept the plea offer of one year and one day. *Id.*

Finally, Plaintiff alleges that Defendant Rawlings violated his due process rights because she also failed to present facts to the court to show that he was never evaluated by Dr. Spoerl and there was a "fraudulent mental health report." *Id.* at 6. Plaintiff contends that he informed

Defendant Rawlings of those facts, but she did not prevent him "from being transported and falsely imprisoned at Florida State Hospital illegally." *Id.* Because Defendant Rawlings told Plaintiff "that she could not undue what the judge had done regarding the commitment to DCF and Florida State Hospital," Plaintiff contends she participated in his false imprisonment and should be held liable for depriving him of due process. *Id.* As relief, Plaintiff seeks two million dollars in damages from each Defendant. *Id.* at 7.

To the degree Plaintiff is attempting to sue Judge Dempsey, that claim is insufficient as a matter of law. When a judge acts in his or her judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983 unless the judge's actions were in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). In Stump v. Sparkman, the Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)).

Page 4 of 6

"The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." Simmons, 86 F.3d at 1084-1085 (quoting Stump, 435 U.S. at 362, 98 S. Ct. at 1107). Here, Plaintiff's allegations demonstrate that Judge Dempsey was acting in her judicial capacity because she entered a commitment order in a case.

If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.'" 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872)). A judge acts in the absence of jurisdiction when there is no subject-matter jurisdiction to hear a case, or when the acts of the judge are purely private and non judicial. Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Here, Judge Dempsey entering orders in a case and dealt with Plaintiff in her capacity as a judicial officer. There are no allegations that Judge Dempsey dealt with Plaintiff in a purely private capacity. Thus, Plaintiff's claims against Judge Dempsey is barred by absolute judicial immunity.

Furthermore, Plaintiff cannot bring claims against the two attorneys either. To sue a person under 42 U.S.C. § 1983, the Defendant must be

acting "under color of state law."  However, the actions of defense counsel in representing Plaintiff are the acts of a private party, not a state actor. The law is clearly established that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role).  That is so whether Plaintiff had retained counsel to represent him or was appointed counsel.  Thus, because Plaintiff has not presented a valid claim that can be pursued in this civil rights action, it is recommended that this case be dismissed.

**Recommendation**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**